UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAREN WINGO,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA"),<br><br>    Defendant. | Civil Action No. 1:19-cv-3507 (ACR) |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute (Dkt. 30). Plaintiff, Daren Wingo, who appears to be proceeding *pro se*, has delayed court proceedings for several months, failed to respond to two orders from this Court, and failed to respond to Defendant's Motion to Dismiss. More than three years ago, Plaintiff filed a complaint for negligent or reckless spoliation of evidence against the Washington Metropolitan Area Transit Authority ("WMATA") in the Superior Court of the District of Columbia. Dkt. 1. Shortly thereafter, Defendant WMATA removed the case to this Court. *Id.* On December 21, 2021, Plaintiff filed an amended complaint. Dkt. 15. On June 23, August 18, and October 13, 2022, Plaintiff requested that this Court stay the case in order to provide him with additional time to resolve his counsel's potential conflict of interest. Dkts. 23–25. The Court granted each of these motions. *See* Minute Order (June 24, 2022); Minute Order (August 18, 2022); Minute Order (October 14, 2022). On February 2, 2023, Plaintiff's counsel submitted an amended motion to withdraw as counsel, which the Court granted. Dkt. 27; Minute Order (February 3, 2023).

On February 3, 2023, the Court ordered both parties to submit a Joint Status Report proposing a schedule for further proceedings in light of the expiration of the stay of this matter.

1

Minute Order (Feb. 3, 2023). In response, Defendant unilaterally filed a Status Report indicating that, upon information and belief, Plaintiff does not have an attorney representing him on this matter. Dkt. 29 at 1. Defendant further indicated that "counsel for WMATA called Plaintiff in an attempt to prepare a Joint Status Report. Unfortunately, that call did not last long enough for the parties to discuss what should be included in the Joint Status Report." *Id.*

On February 13, 2023, the Court issued an order directing Plaintiff to submit to the Court, by February 20, 2023, notice clarifying whether he is proceeding *pro se*, and directing "the parties to confer on a schedule to guide further proceedings in this case and to submit a jointly proposed schedule by February 27, 2023" and cautioned "plaintiff that failure to participate in the meet and conferral process with defendant may result in dismissal of his suit for lack of prosecution pursuant to Local Civil Rule 83.23." Minute Order (Feb. 13, 2023). This deadline has since passed, and the Court has not received a response from Plaintiff. Further, Defendant timely filed a Status Report indicating that Plaintiff did not respond to Defendant's attempts to communicate with him in order to prepare a Joint Status Report. Dkt. 31 at 1. On February 24, 2023, Defendant filed a Motion to Dismiss for Failure to Prosecute (Dkt. 30). Plaintiff has not filed a brief in opposition and the deadline to do so has now passed.

Pursuant to District of Columbia Local Civil Rule 83.23, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." Under Federal Rule of Civil Procedure 41(b), "dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may . . . be enough to justify dismissal," especially when "the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules

or court orders[.]" *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2370, at 205–07 (1971)).

The authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded some latitude in prosecuting their case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal citation and quotation marks omitted).

Defendant argues that dismissal with prejudice is appropriate under Rule 41(b) in this case because Plaintiff failed to follow the Court's orders. Dkt. 30. The Court agrees that Plaintiff's conduct in this case warrants dismissal. The Court warned Plaintiff that failure to file a response to the Court's February 13, 2023 Order may result in dismissal of this action. *See* Minute Order (Feb. 13, 2023). The Court had also previously granted Plaintiff's three motions to stay the case. Yet despite these warnings and opportunities, Plaintiff has failed to "manifest[ ] reasonable diligence in pursuing" this case and has not suggested that he intends to prosecute his claim. *Bomate*, 761 F.2d at 714. Accordingly, in light of Plaintiff's failure to follow the Court's orders and respond to Defendant's Motion to Dismiss, and in order to protect the integrity of the judicial system, the Court grants in part Defendant's Motion to Dismiss.

The Court, however, denies Defendant's request to dismiss this case with prejudice. This Court's Local Rules provide that dismissal for failure to prosecute should be made without

prejudice unless the delay in prosecution impairs the opposing party's interests. Local Civil Rule 83.23. The Court sees no reason to depart from this default rule, particularly in light of Plaintiff's apparent *pro se* status. Moreover, the Court is mindful that the sanctions employed must be proportionate to the misconduct, and that it must consider less drastic sanctions than outright dismissal. *See Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997). While Defendant alleges that it will be prejudiced by delay because "WMATA will experience difficulty gathering key information relevant to defending the case" because the incident underlying the case occurred seven years ago and "[a]s time elapses . . . witnesses['] memories . . . will undoubtedly fade," the Court finds that additional delay at this point will not meaningfully impair Defendant's ability to defend the case. *See* Dkt. 30 at 7.

For the reasons set forth above, it is hereby **ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**. This case is **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 41(b) and Local Civil Rule 83.23.

    **SO ORDERED.**


Date: March 16, 2023

                                                ANA C. REYES
                                                United States District Judge